ORIGINAL

EDOK - Search Warrant (Revised 5/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

**In the Matter of the Search of 204 S. Saddler St., Poteau, OK 74953**

**Case No.** MJ-26-121-JAR

## SEARCH AND SEIZURE WARRANT

**TO:** ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement office or an attorney for the government request the search of the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before May 31, 2026
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.
☐ at anytime in the day or night as I find reasonable cause has been established

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned United States Magistrate Judge Jason A. Robertson.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer after executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check)*:
☐ for __________ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _

Date and time issued: May 14, 2026

City and state: Muskogee, Oklahoma

*Judge's signature*

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## RETURN

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| --- | --- | --- |
| MJ-26-121-JAR | 5/19/2026 @ 9:10 AM | Leonard Weaver |

Inventory made in the presence of:

FBI Personnel

Inventory of the property taken and name of any person(s) seized:

- One Black Galaxy A15 5G
- One Black Apple Ipad
- One Silver Apple Ipad
- One Black Samsung Galaxy SM-S136DL
- One Black Samsung Cell phone in Purple case
- One Samsung SM-S19VL w/ Blue Case

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 8/12/2026

[signature]

*Executing officer's signature*

SA Austin McCourt

*Printed name and title*

**ATTACHMENT A**

**DESCRIPTION OF PREMISES**

The **SUBJECT PREMISES**, 204 S. Saddler St. Poteau, Oklahoma 74953, is located within Leflore County, in the Eastern District of Oklahoma. The primary structure at the **SUBJECT PREMISES** is part of a single-family, one-story dwelling. The dwelling is constructed of white siding. "204" is in silver lettering, on the middle column of the front porch dwelling. The secondary structure is a brown, external shed with a dark red door behind the primary structure. The vehicle(s) to be searched at the **SUBJECT PREMISES** includes any vehicles on the curtilage to include the 2014 Gray Dodge Journey. The search of the **SUBJECT PREMISES** includes the search of any person found or arriving at the **SUBJECT PREMISES** during the execution of the warrant, including the person of Leonard Thomas Weaver.



## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. Computer(s), as broadly defined in 18 U.S.C. § 1030(e), other digital file storage devices, computer hardware, computer software, computer related documentation, computer passwords and data security devices, videotapes, video recording devices, video recording players, and video display monitors that may be, or are used to: visually depict CSAM or child erotica; display or access information pertaining to a sexual interest in CSAM; display or access information pertaining to sexual activity with children; or distribute, possess, or receive CSAM, child erotica, or information pertaining to an interest in CSAM, and which are reasonably believed to be used or accessed by Leonard Thomas Weaver.

2. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs that are reasonably believed to be used or accessed by Leonard Thomas Weaver.

3. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes) pertaining to the possession, receipt, distribution or accessing with the intent to view (or the attempt to do so) CSAM as defined in 18 U.S.C. § 2256(8) or to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

4. In any format and medium, all originals, computer files, copies, and negatives of CSAM as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

5. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any CSAM as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

6. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the receipt, transmission, or possession of CSAM as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

7. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about CSAM or the existence of sites on the Internet that contain CSAM or that cater to whose with an interest in CSAM.

8. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible CSAM to members.

9. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer

storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

10. Any and all cameras, film, videotapes or other photographic equipment.

11. Any and all visual depictions of minors engaging in sexually explicit conduct.

12. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any CSAM as defined in 18 U.S.C. § 2256(8) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

13. Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to occupancy or ownership of the premises described above, including, but not limited to, rental or lease agreements, mortgage documents, rental or lease payments, utility and telephone bills, mail envelopes, or addressed correspondence.

14. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

If a smart cell phone or other computer, as described herein, is found that requires access

by using a finger or thumbprint or face to unlock the device, then, while executing the search warrant at the **SUBJECT PREMISES**, a law enforcement officer may press the finger or thumbprint of Leonard Thomas Weaver onto the device to try to unlock it or use his face to unlock the device via facial recognition features.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, instrumentalities, contraband, and/or fruits described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.